IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERY T. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC. GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, CHRISTIAN OKEZIE, MARLENE HENZE, JOHN R. BALDWIN, and ROB JEFFREYS,<br><br>Defendants. | Case No. 18-cv-6925<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

In his First Amended Complaint, Plaintiff Jeffery Wilson alleges a constitutional violation based on the medical care he received while he was at Stateville Correctional Center. (Dkt. 15). Defendant Wexford seeks dismissal from Counts I and II and Defendants Obaisi, Henze, and Okezie seek dismissal from Count III. (Dkt. 35). Defendants Baldwin and Jeffreys move to dismiss the FAC in its entirety (Dkt. 42). Both motions rely on Federal Rule of Civil Procedure 12(b)(6).

For the reasons stated below, Defendants' motions to dismiss are granted.

**A. Background**

Plaintiff, Jeffrey Wilson, files this action pursuant to 42 U.S.C. § 1983 alleging the defendants violated his right to constitutionally adequate and timely medical care over several years while he was imprisoned at Stateville correctional facility. Wilson's

1

complaint alleges years of requesting and being denied medical attention, beginning in December 2005. (Dkt. 15 at ¶ 22). He requested medical help through the grievance process again in 2008, 2010, 2011, 2014, 2015. (*Id.* at ¶¶ 24-35). Each grievance was denied because his conditions appeared to be being treated adequately. (*Id.*)

In January 2011 Wilson was diagnosed with sever scoliosis, an abnormal curvature of the spine. Since then he has been treated with Tramadol, an opioid. (*Id.* at ¶¶ 36-37). On July 16, 2016 he received an MRI that revealed a benign bone tumor. (*Id.* at ¶ 39). In February of 2017, Wilson was approved for epidural injections by UIC, but he never received them. (*Id.* at ¶ 42). According to the complaint, Wilson was placed on "crisis watch" in August of 2018. On August 28, 2018, he was found unresponsive. He was unable to walk down the stairs and was removed on a stretcher. (*Id.* at ¶ 48).

Wilson's First Amended Complaint (FAC) contains four counts. Counts 1 and 2 allege that Wexford, Dr. Marlene Henze, Dr. Christian Okezie and Dr. Saleh Obaisi refused to provide him adequate medical treatment (Count I) and failed to diagnose him (Count II). Count III, a *Monell* claim, names these same defendants and alleges policies and practices are unconstitutional. The individual defendants are named in their individual capacities. Count IV alleges the current and former Directors of the Illinois Department of Corrections, Rob Jeffreys and John Baldwin, were deliberately indifferent to Wilson's medical needs by ignoring his grievances and failing to investigate his grievances and by failing to send Wilson for outside medical care, including surgical intervention or diagnostic testing.

**B. Standard**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671

3

F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### C. Wexford

Defendant Wexford seeks dismissal from Counts I and II based on the well-established principle that *respondeat superior* liability does not lie for actions brought pursuant to 42 U.S.C. § 1983. There is no question that the FAC relies on *respondeat superior* to name Wexford in Counts I and II. (Dkt. 15 ¶¶ 70 & 77). In *Shields,* the Seventh Circuit reaffirmed the principle that *respondeat superior* liability does not apply to a private corporation in § 1983 actions:

> We consider first the claim against the Wexford corporation itself. The question posed here is how § 1983 should be applied to a private corporation that has contracted to provide essential government services—in this case, health care for prisoners. The answer under controlling precedents of this court is clear. Such a private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself.

*Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). As Wilson's able counsel acknowledged in the FAC, the law is settled in this matter. (Dkt. 15 at ¶¶ 70 and 77). *See Shields,* 746 F.3d at 789 (commenting that forbidding *respondeat superior* liability in § 1983 context deserves "fresh consideration"). While Wilson has preserved the issue, Wexford's motion to be dismissed from Count I and II is granted.

### D. Henze, Okezie and Obaisi

Defendants Marlene Henze, Dr. Christian Okezie and Dr. Saleh Obaisi move to be dismissed from Count III. Wilson alleges in Count III that Wexford violated his rights through widespread policies, practices and customs that discourage and

4

prevent Wexford employees from sending Stateville inmates to UIC for outside medical care in order to save money. (Dkt. 15 at ¶¶ 79-84). Wilson responds that the individual defendants have acted consistent with the unconstitutional policies. (Dkt. 45 at 5-6). But those allegations are contained in Counts I and II (Wilson's § 1983 claims) against the individual defendants. The individual defendants, Henze, Okezie and Obaisi, are dismissed from Count III.

### E. Jeffreys and Baldwin

The Seventh Circuit has long held that liability under 42 U.S.C. § 1983 must be predicated upon personal responsibility. *See, e.g., Miller v. Smith,* 220 F.3d 491, 495 (7th Cir. 2000); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) ("a supervising prison official cannot incur § 1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right"). That means in order to obtain relief, a § 1983 plaintiff must establish that the defendant acted or failed to act with a deliberate or reckless disregard of the plaintiff's constitutional rights. *Miller,* 220 F.3d at 495. Here, the only allegations against Jeffreys is that he is the current director of IDOC; the only allegation against Baldwin is that he is the former director of the IDOC. (FAC at ¶¶ 15-16). Wilson then alleges, in a conclusory fashion, that Baldwin and Jeffreys possess actual or constructive knowledge of Plaintiff's serious medical conditions. (*Id.* at ¶¶ 66-67).

With respect to an individual defendant, a § 1983 claim must allege the defendant personally participated in or somehow intentionally caused the alleged deprivation of the plaintiff's rights. *Duckworth v. Franzen,* 780 F.2d 645, 650 (7th Cir. 1985). In

*Williams v. O'Banner*, No. 93 C 212, 1997 WL 264361, at *3 (N.D. Ill. May 9, 1997), the court dismissed the complaint where the plaintiff failed "to allege that Braun participated in any of the events or was deliberately indifferent to Plaintiff's plight". Since Wilson fails to allege that Jeffreys or Baldwin were "personally responsible" for the alleged deprivations of his rights, Wilson fails to state a § 1983 claim against either of these defendants.

Wilson responds that he has "stated enough facts to state claims for relief that are plausible on their face against Baldwin and Jeffreys in their individual capacities." (Dkt. 45 at 7). He refers to the multiple grievances he filed and appealed to support an "a reasonable inference" that Baldwin and Jeffreys knew of and were indifferent to his serious medical needs. But the cases Wilson relies upon are distinguishable in significant ways. In *Young v. Wexford Health Sources*, No. 10 C 8220, 2012 WL 621358, at *5 (N.D. Ill. Feb. 14, 2012) (emphasis added), the court denied the Warden's motion to dismiss where the inmate alleged his letters *to the Warden* about his medical condition had gone unanswered and "Plaintiff alleges that because Warden Hardy *denied his emergency medical grievances*, as well as appointment cancellations due to lockdowns and missing paperwork, Plaintiff went unseen by medical staff for six months. Where, as here, Plaintiff informed correctional officials that he was being denied access to the health care unit, those officials may be liable under 42 U.S.C. § 1983 for their purported inaction."

Unlike the allegations against Warden Hardy, there are no allegations in the present case that Jeffreys or Baldwin knew of Wilson's grievances. *See Burks v.*

6

*Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009) ("The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."). Wilson also relies on *Cobb v. Fitch*, No. 14-CV-00605, 2015 WL 9315538, at *8 (N.D. Ill. Dec. 23, 2015) where the court refused to dismiss prison officials who *reviewed the plaintiff's grievances* that was "sufficiently detailed to have placed [defendants] on notice that Plaintiff was suffering from severe back pain, was missing meals due to his difficulty using the stairs, and not receiving the medication that he had been prescribed at Stateville." The defendants in *Cobb* reviewed the grievance and, allegedly, did nothing.

There are no allegations that Jeffreys or Baldwin received or reviewed Wilson's grievances. Any allegation of personal involvement by either Jeffreys or Baldwin is missing here. Count IV is dismissed. For these same reasons discussed regarding the lack of any allegations of personal involvement by Jeffreys and Baldwin in Wilson's § 1983 claims, Jeffreys and Baldwin are dismissed also from Counts I and III.

### F. Conclusion

For the reasons stated, Defendants' motions to dismiss [35 and 42] are granted. Defendant Wexford is dismissed from Count I and II with prejudice. The individual defendants are dismissed from Count III with prejudice. Count IV is dismissed without prejudice. Defendants Rob Jeffreys and John Baldwin are dismissed from the case.

7

E N T E R:

Dated: July 29, 2020

MARY M. ROWLAND
United States District Judge